# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

TONI WENSEL,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

No. C07-3002-PAZ

**MEMORANDUM OPINION AND ORDER**

_____

This matter is before the court on judicial review of the defendant's final decision denying the plaintiff's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* The plaintiff Toni Wensel filed her application on March 31, 2004, alleging her disability began on May 1, 2001. Wensel claims she is disabled due to chronic back pain resulting from spondylolisthesis, sacroiliitis with sacroiliac joint dysfunction, degenerative disc disease, and two spinal fusion surgeries, as well as depression and reflux disease.

Wensel's application was denied initially and on reconsideration. She requested a hearing, and a hearing was held on February 23, 2006, before ALJ George Gaffaney. Wensel was represented at the hearing by attorney Gail Barnett. Wensel testified at the hearing, and Vocational Expert ("VE") Elizabeth Albrecht also testified. On June 24, 2006, the ALJ held that although Wensel cannot return to any of her past work, she nevertheless is able to perform other work that exists in significant numbers in the national economy. The ALJ therefore held Wensel is not disabled. Wensel appealed the ALJ's decision, and on November 18, 2006, the Appeals Council of the Social Security Administration denied her request for review, making the ALJ's decision the final decision of the Commissioner.

Wensel filed a timely Complaint in this court, seeking judicial review of the ALJ's ruling. On April 12, 2007, with the parties' consent, Judge Mark W. Bennett transferred the case to the undersigned for final disposition and entry of judgment. The parties have briefed the issues, and the matter is now fully submitted and ready for review.

The issue before the court is whether the ALJ applied the correct legal standards, and whether his factual findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Page v. Astrue*, 484 F.3d 1040, 1042 (8th Cir. 2007) (citations omitted). In this deferential review, the court considers the record in its entirety to determine whether a reasonable mind would find the evidence adequate to support the Commissioner's conclusion. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002) (citations omitted); *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006). Here, Wensel argues the ALJ erred in failing to give proper weight to the opinions of Wensel's treating physician Teresa Mock, M.D. regarding her functional limitations, and in failing to find Wensel's subjective complaints regarding the degree of her limitations to be credible. She argues the record does not contain substantial evidence to support the ALJ's conclusion that she is not disabled.

Wensel was born in 1969. She graduated from high school, and worked as a cashier while she was studying to become a Registered Nurse. She had a spinal fusion surgery in 1991, apparently with good result. She worked full-time as a nurse from 1992 until March 2001. She injured her back on March 19, 2000, while she was assisting a patient who collapsed. Wensel strained her back trying to hold onto the patient. The injury led to a second spinal fusion surgery in July 2000. Although she was not pain free, Wensel returned to full-time nursing work, and injured her back again in November 2000, when she was "sandwiched between carts," suffering "a hyperextension injury to her lumbar back." (R. 119) She eventually quit working in March 2001, due to exacerbation of her back pain from a pregnancy. Although she had some hope that her pain level would

decrease again after she gave birth, the pain continued unabated. She has tried several treatment modalities including injections, a TENS unit, medications, a back brace, and physical therapy, but she continues to have chronic back pain. As a result of her ongoing pain, she also has developed depression, for which she takes antidepressant medications.

The ALJ noted that Wensel has a good earnings history, and he credited the fact that she continued to work after her back surgeries. He recognized that Wensel "does have pain and some limitation," but he found her subjective allegations not to be fully credible. He found Wensel had failed to comply with all of her doctor's recommendations regarding exercise to strengthen her back and maintain her flexibility, and he noted Wensel had reported to her doctors that injections and pain medications had provided her with some relief, reducing her pain level to a 4 or 5 on a 10-point scale. He also noted Wensel had failed to complain to her doctors about some of the limitations she alleged in connection with her disability application. The ALJ relied for the most part on the residual functional capacity opinion of Wensel's treating physician, giving great weight to the portions of Dr. Mock's opinion the ALJ felt were supported by the other evidence of record. He gave no weight to Dr. Mock's opinion that Wensel is unable to stoop, noting Wensel had the ability to pick up her infant and her 30-pound child repeatedly during the day, and she had helped pack the family's possessions in preparation for a move. He also gave no weight to the doctor's opinions regarding the limitations on Wensel's ability to sit, stand, and walk, and her need to take breaks during the day. The ALJ found that these opinions were based on Wensel's subjective complaints, rather than on objective medical testing and findings.

The ALJ asked the Vocational Expert four hypothetical questions. Based on the hypothetical question that contained those limitations the ALJ found to be credible, the VE indicated Wensel would be unable to return to work as a nurse or a cashier, but she would

be able to work in a number of sedentary, semi-skilled and unskilled jobs. The ALJ relied on the VE's testimony in finding Wensel is able to work, and she therefore is not disabled.

The primary fighting issue between the parties is the weight to be given Dr. Mock's opinions regarding Wensel's functional abilities. The doctor completed a questionnaire that presented Wensel's subjective complaints, and then asked if those complaints were consistent with her medical condition, as follows:

> 4. Ms. Wensel states that she cannot reliably stand for more than 15 minutes due to pain. Is this consistent with her medical condition? Please explain.
>
>> Yes – she has degenerative disc disease and develops pain with standing.
>
> 5. Ms. Wensel states that she can sit in an office type chair for approximately an hour but due to pain she must then get up and walk around for approximately 20 minutes before sitting again. She states that the duration of time she can sit without getting up during the day diminishes the more time during one day she attempts to sit. Is this consistent with her medical condition? Please explain.
>
>> Yes – she develops spasms in her back when sitting in 1 position for prolonged periods.
>
> 6. Ms. Wensel states that she must lay down at least 2 times during the day time hours for 30 minutes or more to relieve pain. Is this consistent with her medical condition? Please explain.
>
>> Yes – prolonged standing or sitting causes pain relieved by bedrest.

(R. 274) Dr. Mock also stated Wensel "is unable to stoop, crouch or crawl." (R. 275)

The ALJ found this portion of Dr. Mock's treating source statement to be unworthy of serious consideration because the doctor's responses were based on Wensel's subjective complaints. The ALJ found the limitations set forth in the questions "are not persistently supported in the medical records," and Wensel "did not persistently allege the restrictions

to her treating source or other medical source." (R. 21)  However, the record does contain evidence that Wensel complained of functional limitations to her treating physicians.  Notably, she continued to complain about ongoing back pain after she had recovered from her second spinal fusion and returned to work.  She was released to return to full-time work with minimal restrictions on July 10, 2000.

On December 31, 2001, while she was still employed as a nurse, Wensel was examined by Kenneth L. Pollack, M.D., an orthopaedic surgeon.  She reported pain at a level of 2, at best, and 9, at worst, on a 10-point scale.  Notes indicate her pain was "predictably aggravated by prolonged walking, repetitive spine motions, extension at the lumbar spine, and improved by sitting, flexing at the waist, or using analgesics." (R. 206)  Her pain worsened throughout the day with normal activities, and she stated "the pain interfere[d] with virtually all aspects of her life." (*Id.*)

On March 12, 2002, Wensel reported having ongoing lumbosacral pain and frequent tension-type headaches that worsened as the day went on.  On April 10, 2002, she reported increased back pain, different than she had experienced previously.  Notes indicate Wensel's gait was very guarded and she was walking slowly.  On April 15, 2002, Wensel reported an incident in early April when she experienced "sudden, very severe low back pain," that required her to "crawl to the bathroom." (R. 213)  Notes indicate Wensel had "a lot of arthritis in her SI area." (*Id.*)

The ALJ noted Wensel did not follow some of her doctor's recommendations regarding physical therapy and exercise.  On March 2, 2004, she reportedly had begun a swimming program. (R. 281)  On November 4, 2003, Wensel reported she was not doing her physical therapy exercises because "her back hurts by the end of the day." (R. 232)  She stated her pain worsened with activity and improved with rest.  She inquired about a back brace. (*Id.*)

On November 2, 2004, Wensel reported having difficulty performing routine tasks due to pain. She complained of problems doing laundry because she could not bend over to get clothes out of the dryer or carry baskets of clothes; problems vacuuming due to the requisite twisting and pushing; inability to stand for prolonged periods of time to cook or do dishes; and problems driving long distances, and bending to bathe her children. She also reported increasing sleep difficulties. (R. 289) In January 2006, Wensel complained of paresthesias in her feet by the end of the day, and slight numbness in her hands from time to time. (R. 283)

The court finds the ALJ erred in concluding Dr. Mock's opinions should be discounted because they were based on Wensel's subjective complaints. Rather, the opposite is true. Wensel provided her subjective complaints and asked the doctor to state whether those limitations are consistent with Wensel's medical condition. Dr. Mock indicated Wensel's medical condition could cause the pain and limitations she alleges. Rather than detracting from the doctor's opinions, the court finds the doctor's opinions actually support Wensel's subjective complaints.

The court also finds the ALJ erred in finding Wensel's subjective complaints not to be credible. The ALJ apparently concluded that pain at an ongoing level of 4 to 5 on a 10-point scale – the level Wensel reported she sometimes achieves with the help of pain medications and injections – is not a disabling level of pain. However, "different claimants have different degrees of sensitivity to pain and are entitled to be evaluated with this in mind." *McDonald v. Schweiker*, 698 F.2d 361, 365 (8th Cir. 1983). The question is whether Wensel's pain is so severe that she cannot perform any light or sedentary work. *See Robinson v. Sullivan*, 956 F.2d 836, 839 (8th Cir. 1992); *Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991). The record evidence demonstrates that Wensel suffers pain to a disabling degree. She seeks frequent medical treatment and has undergone numerous injections for pain. She takes prescription pain medications regularly. She experiences

fatigue and depression as a result of her ongoing pain. While a claimant's "failure to seek aggressive treatment is not suggestive of disabling back pain," *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir. 1988), the converse also is true. Wensel has pursued aggressive, ongoing treatment for her back pain. Even when she did not complain specifically about the limitations on her daily activities caused by her pain, she has consistently and persistently complained of ongoing back pain since her back injury in March 2000. The medical evidence of record documents the existence of a back condition that reasonably could be expected to cause a disabling level of pain.

"Whether the ALJ grants a treating physician's opinion substantial or little weight, the regulations provide that the ALJ must 'always give good reasons' for the particular weight given to a treating physician's evaluation." *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000). In this case, the court finds the ALJ failed to give "good reasons" for discounting Dr. Mock's opinion. As the Eighth Circuit Court of Appeals has noted repeatedly, the appropriate inquiry is whether substantial evidence in the record as a whole supports the ALJ's findings that a claimant can perform "'the requisite physical acts day in and day out, in the sometime competitive and stressful conditions in which real people work in the real world.'" *Shaw v. Apfel*, 220 F.3d 937, 939 (8th Cir. 2000) (quoting *McCoy v. Schweiker*, 683 F.2d 1138, 1147 (8th Cir. 1982)). Here, if Dr. Mock's opinion had been given the great weight it deserves, then the evidence would have resulted in a conclusion that Wensel is disabled.

The court may affirm, modify, or reverse the Commissioner's decision with or without remand for rehearing. 42 U.S.C. § 405(g). When the record "overwhelmingly supports" a finding of disability, and further proceedings would merely delay the receipt of benefits to which a claimant is entitled, the court should enter an immediate finding of disability. *Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000) (citing *Thompson v. Sullivan*, 957 F.2d 611, 614 (8th Cir. 1992); *Fowler v. Bowen*, 866 F.2d 249, 253 (8th

Cir. 1989); *Talbott v. Bowen*, 821 F.2d 511, 514 (8th Cir. 1987)); *Cline v. Sullivan*, 939 F.2d 560, 569 (8th Cir. 1991) (citing *Jefferey v. Secretary of H.H.S.*, 849 F.2d 1129, 1133 (8th Cir. 1988); *Beeler v. Bowen*, 833 F.2d 124, 127-28 (8th Cir. 1987)); *accord Ingram v. Barnhart*, 303 F.3d 890, 895 (8th Cir. 2002) (citing *Buckner*); *Thomas v. Apfel*, 22 F. Supp. 2d 996, 999 (S.D. Iowa 1998).

In this case, the court finds the ALJ's decision to deny benefits is not supported by substantial evidence on the record. The record overwhelmingly demonstrates that Wensel is disabled. Accordingly, the Commissioner's judgment is **reversed**, and this matter is **remanded** to the Commissioner for calculation and award of benefits.

**IT IS SO ORDERED.**

**DATED** this 20th day of February, 2008.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT