# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| TONI WENSEL,<br><br>   Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>   Defendant. | No. C07-3002-PAZ<br><br>**ORDER** |

This matter is before the court on motion of the plaintiff's attorney for attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. No. 27) In the motion, counsel requests an award of 406(b) fees based on her contingency fee agreement with the plaintiff, which provides for a fee equal to 25% of all past-due benefits awarded to the plaintiff. In this case, that would result in a fee of $16,675.75.

The defendant objects to the amount of the fee. (Doc. No. 28) The defendant argues a fee of that amount would result in an hourly rate of $604.19 per hour, which is "almost 2.7 times more" than plaintiff's counsel's hourly rate as represented in her application for EAJA fees.

Section 406(b) provides that an attorney who represents a successful Social Security benefits claimant in court may be awarded a "reasonable fee for such representation, not in excess of 25 percent of the . . . [claimant's] past-due benefits." 42 U.S.C. § 406(b)(1)(A). In *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002), the Supreme Court defined "the appropriate starting point for judicial determinations of 'a reasonable fee[.]'" *Id.*, 535 U.S. at 792, 122 S. Ct. at 1820. The Court held that the 25% cap on contingent fees in section 406(b) represented Congress's intent "to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees." *Id.*, 535 U.S. at 805, 122 S. Ct. at 1827 (citation omitted). The Court concluded:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. . . . Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Id.*, 535 U.S. at 807, 122 S. Ct. at 1828.

Thus, "[c]ourts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* (citations omitted). In making the reasonableness determination, the reviewing court should look at factors such as the number of hours the attorney spent on the case, the attorney's normal hourly billing rate for non-contingent-fee cases, and the amount of the claimant's recovery. *Id.*, 535 U.S. at 808, 122 S. Ct. at 1828-29.

Considering the above factors, the court finds that a fee award of 25% of the plaintiff's past-due benefits is excessive. The court further finds that an award representing an hourly rate of $450 per hour is reasonable under the circumstances.

Accordingly, the motion is **granted in part and denied in part**. The plaintiff's attorney is awarded a fee under section 406(b) in the amount of **$12,420.00**. Further counsel is directed to refund to the plaintiff the EAJA fee previously awarded in the amount of $5,051.28.

**IT IS SO ORDERED.**

**DATED** this 11th day of `September, 2009.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT